**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.

**GUY HORTON,**

        **Defendant.**

:
 
:
 
:

Case No. 2:24-cr-83
Chief Judge Sarah D. Morrison

**OPINION AND ORDER**

This matter is before the Court on Defendant Guy Horton's Motion to Revoke Detention Order and Release to Inpatient Treatment. (Mot., ECF No. 38.) The Government opposes. (ECF No. 39.) Having considered the evidence *de novo*, the Court **DENIES** the Motion.

**I.  BACKGROUND**

Mr. Horton, now 36, has been involved in the criminal justice system since at least the age of 19. (PSR, ECF No. 17, PAGEID # 20–24.) On May 14, 2024, a federal grand jury returned a two-count indictment charging Mr. Horton with felon in possession of a firearm and possession of a firearm after a misdemeanor domestic violence conviction. (ECF No. 4.) Mr. Horton was arrested ten days later. (*See* May 24, 2024 docket entry.)

On June 4, 2024, the Magistrate Judge held a hearing on the Government's motion to detain Mr. Horton pending resolution of the charge. (ECF No. 23.) The Magistrate Judge determined that there were no conditions of release that could

reasonably assure both Mr. Horton's appearance at future court proceedings and the safety of the community. (*Id.*) Additional factors weighing heavily in the Magistrate Judge's determination were the circumstances of the instant offense and Mr. Horton's lengthy criminal history—including a pattern of firearm offenses and criminal activity while under supervision. (*Id.*) Consequently, the Magistrate Judge ordered Mr. Horton detained pending trial. (*Id.*)

Four months later, Mr. Horton executed a plea agreement acknowledging his guilt to Count 1. (ECF No. 32.) The Court held a Change of Plea hearing on October 23, 2024. (ECF No. 34.) During the hearing, Mr. Horton affirmed his guilt to Count 1 of the indictment and the Court accepted his guilty plea. (*Id.*) The Court ordered a Presentencing Report to be submitted by January 21, 2025. (ECF No. 35.)

On October 25, 2024, Mr. Horton filed the Motion to Revoke Order of Detention and Release to Inpatient Treatment. (Mot.) The Government responded in opposition to Mr. Horton's Motion. (ECF No. 39).

## II.   LEGAL STANDARD

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Upon such motion, the district court reviews a magistrate judge's detention order *de novo. United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (Marbley, J.) (explaining that, although the Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor" *de novo* review of detention orders).

When considering a motion for revocation, the Court's analysis turns on whether a defendant has been convicted at the time he seeks release. Prior to a conviction, a defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must prove by clear and convincing evidence that detention is warranted. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 752 (1985).

However, a defendant who has been convicted and is awaiting sentencing must be detained unless the district court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). "[T]he statute does not require the government to make an initial showing of dangerousness. Rather, it presumes dangerousness, and the criminal defendant must overcome this presumption." *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). The defendant carries the burden of proof. *United States v. Williams*, 2020 U.S. App. LEXIS 21969, *1-2 (6th Cir. June 12, 2023).

### III. ANALYSIS

Mr. Horton asks that the Court revoke the Magistrate Judge's order and release him to inpatient treatment. (Mot.) Mr. Horton brings his motion under 18 U.S.C. § 3143(a)(1), and 3142(f). The Motion is governed solely by § 3143(a)(1) because Mr. Horton was convicted upon his guilty plea.

3

**Post-Conviction Release Under § 3143(a)(1).**

Pursuant to § 3143(a)(1), Mr. Horton fails to proffer clear and convincing evidence that he is not likely to flee or does not pose a danger to the safety of any other person or the community. First, Mr. Horton does not address whether he is a flight risk. Second, to the extent that Mr. Horton discusses whether he poses a danger to the community, he falls short. Mr. Horton's plea of guilty to a firearm offense and lengthy criminal history involving firearms and drug possession demonstrates a danger to the community.

IV. **CONCLUSION**

Mr. Horton's Motion (ECF No. 38) is **DENIED**. The detention order remains in effect.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**

4